UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN RE:

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Christi Margaret Richardson | ) | Case # 20-50027-KKS |
| | ) | Chapter 7 |
| | ) | |
| _____Debtor(s)_____ | ) | |

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III ) OTHER RELIEF**

Karin A. Garvin (the "Trustee"), duly appointed Chapter 7 Trustee for the above referenced debtor (the "Debtor") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests. In support thereof, the Trustee respectfully states as follows:

**JURISDICTION**

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.      The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m),

1

Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4.     On 2/28/20 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5.     Karin A. Garvin is the duly appointed and qualified Chapter 7 Trustee.

6.     The Trustee held and concluded the 341 meeting of creditors on 04/03/2020.

7.     The Debtor scheduled a 100% ownership interest in the real property located at 504 E 3RD ST LYNN HAVEN, FL 32444 (the "Property") and legally described as follows:

Lot 5, Block D, Re-Plat of Blocks D, G, H, and K Bay Park Manor Lynn Haven, Florida, according to the map or plat thereof, as recorded in Plat Book 7, Page(s) 80, of the Public Records of Bay County, Florida.

8.     The Debtor scheduled the Property as having a value of Unknown subject to a mortgage in favor of Bayview Loan Servicing (the "Secured Creditor(s)") in the amount owed on the Petition Date of approximately $139,146.00.

9.     The Trustee, after reviewing certain materials, including (without limitation) the sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Century 21 Commander Realty, Inc. (the "Listing Agent"), has determined it to be in the best interest of the Debtor's estate and all

2

creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

    a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

    b. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    c. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

10. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the Official County Records. (the "Secured Creditor Indebtedness").

## RELIEF REQUESTED

11.    The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of

BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests. As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this case to be paid and provide a recovery for other creditors. The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

## BASIS FOR RELIEF

### A.    The Sale of the Property Should Be Approved

12.    The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

13.    Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is

fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

14.     The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of $. Attached as Exhibits "A" and "B" respectively are the settlement statement and letter of consent/approval from the Secured Creditor.

15.     Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

B.     **The Sale of the Property Should Be Approved Free and Clear of All Interests**

16.     Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169

n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17.    The Trustee states that he shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

18.    The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[1]  Failure to object after proper notice and opportunity to object is deemed consent. *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla.,

---

[1] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

May 21, 2012).

19.    Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

20.    The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the carve out to the Trustee.  Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

C.    **The Sale Will Be Undertaken by the Buyer in Good Faith**

21.    Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

22.    The sale should be found to have been in good faith if the Trustee can

Case 20-50027-KKS    Doc 36    Filed 04/06/21    Page 8 of 28

demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

23. The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

24. The Trustee further states that:

(a)     the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

(b)     the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful

distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c)     Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

25. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of

the Bankruptcy Code and for such other and further relief as this Court deems just

and equitable under the circumstances of the case.

RESPECTFULLY SUBMITTED,
/s/ Karin A. Garvin
Karin A Garvin, Trustee
1801 W. Garden Street
Pensacola, FL 32502
Phone: (850) 437-5577
E-mail: kgarvin@kgarvinlaw.com



Community Loan Servicing, LLC
4425 Ponce de Leon Blvd. 5th Floor
Coral Gables, FL  33146

March 18, 2021

MATTHEW B RICHARDSON and CHRISTI M RICHARDSON          **Loan Number:**  2506983
C/O CHARLES M WYNN
#
P.O. BOX 146
MARIANNA, FL 32447



**Property Address:**  504 E 3RD ST
LYNN HAVEN, FL 32444

Dear Customer:

**IMPORTANT:    Your request for consideration for a short sale has been approved. Here's what to expect next:**

I am pleased to inform you that you have been approved for a pre-foreclosure short sale. This approval is subject to the terms listed on the attached pages.

You must contact me at (833) 656-7451 or in writing at the address provided below by no later than **04/01/2021** to indicate your intent to accept this offer to pursue a short sale.  If you contact us by **04/01/2021** to indicate your intent to accept this offer to pursue a short sale, we will not refer your loan to foreclosure, or if your loan has been referred to foreclosure, we will suspend the next legal action in the foreclosure proceedings.

Attached are Pre-Foreclosure Sale Terms, which are incorporated into this offer. By accepting this offer you agree that the Pre-Foreclosure Terms apply to any sale under this approval. In addition, attached is a copy of our standard closing instructions. You agree that these closing instructions will be sent to the settlement agent and will govern the settlement of any sale under this offer. Finally, I have included the Short Sale Affidavit, which must be executed before or at the time of closing of the sale of the Mortgaged Premises by all Borrower(s), Purchaser(s), real estate brokers representing any of the parties, the escrow/closing agent and the transaction facilitator (if any).

If you have questions or concerns about the evaluation of your consideration for foreclosure alternatives, please contact me at the number below.

Sincerely,

*Andre South*

Andre South, Asset Manager
Community Loan Servicing, LLC
Phone Number:  (833) 656-7451 Monday - Friday 9:00 a.m. - 6:00 p.m., ET
Fax Number:      (305) 265-2486
E-mail:              AndreSouth@communityloanservicing.com

## Disclaimers and Notices

Borrower and Lender agree that if there is a pending foreclosure action that results in a voluntary dismissal as a result of a modification or a similar settlement between Borrower and Lender then Borrower and Lender will each pay for their respective attorney fees and costs, to the extent permitted by the contract and applicable law, and neither party will be responsible for the other parties attorneys fees and costs.

Please be aware that in order to complete this workout, Community Loan Servicing may forgive principal and/or accrued but unpaid interest.  Any such forgiveness may have tax consequences.  Community Loan Servicing does not provide tax or legal advice and you are urged to consult a tax professional with respect to the tax consequences of any such forgiveness in your personal circumstances.



In connection with your loss mitigation application, we may order an appraisal to determine the property's value and charge you for this appraisal. We will promptly give you a copy of any appraisal, even if your application is not approved. You can pay for an additional appraisal for your own use at your own cost.

Community Loan Servicing, LLC is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose. To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with non-bankruptcy law and/or informational purposes only. It does not constitute an attempt to collect a debt, to reaffirm a debt, or to impose any personal liability on you.  Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged.  If your original obligation was discharged, any payment you make on the account is voluntary, but we still have rights under the security instrument, including the right to foreclose on the property.  If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number. Community Loan Servicing, LLC., NMLS #2469.

**Confirmed SII Disclaimer**: If you are a confirmed successor in interest of the account, unless you assume the mortgage loan obligation under state law, you are not personally liable for the mortgage debt and cannot be required to use your own assets to pay the mortgage debt.

**The following mailing address must be used for all Error Notices & Information Requests: Community Loan Servicing, LLC, Customer Support, 4425 Ponce de Leon Blvd., 5th Floor, Coral Gables, FL 33146.**

# PRE-FORECLOSURE SALE TERMS
## (SHORT-SALE)

Date: March 18, 2021
Loan Number:  **2506983**

We have approved the above referenced pre-foreclosure (short) sale, with the following stipulations:

- AS - IS purchase price to be   **$163,000.00 .**

- The closing must occur on or before **04/30/2021.**

- The seller(s) are NOT to receive any proceeds from the sale of the property.  The seller(s) must sign and return this approval at least 48 hours before closing.

- The HUD-1 Settlement Statement must be signed by all parties at closing.  A copy of the **unsigned prepared HUD-1 Settlement Statement** must be faxed to me at (305) 265-2486 at least 48 hours before closing.

- **The Short Sale Affidavit of Arms Length Transaction must be signed by seller and buyer.**

- **Conditions to Close:**
  - Provide updated 710 Hardship Application with MATTHEW B. RICHARDSON information on or prior to closing.
  - Provide HUD-1 Settlement Statement to match the investor terms and minimum proceeds prior to closing.

- **A copy of the SIGNED HUD-1 Settlement Statement must accompany the payoff check(s). The signed HUD-1 must match the unsigned, approved HUD-1.  Payoff funds in the amount of not less than  $141,212.00  must be sent via Wire or overnight mail immediately after closing to the** following address:

  | **Certified Funds Overnight Mail:** | **Wire Instructions:** |
  |---|---|
  | Community Loan Servicing, LLC | JP Morgan Chase |
  | 4425 Ponce de Leon Blvd., 5th Floor | One Chase Manhattan Plaza |
  | Coral Gables, FL 33146 | New York, NY 10005 |
  | | **ABA #:** 021-000-021 |
  | | **Credit Account:** Community Loan Servicing, LLC |
  | | **Account No.:** 447450847 |

  Please include the following information on all remittance:
  Borrower:  MATTHEW B RICHARDSON and CHRISTI M RICHARDSON
  Community Loan Servicing Loan Number:  2506983
  Property Address:  504 E 3RD ST, LYNN HAVEN, FL 32444

- This Pre Foreclosure Sale offer is null and void if funds received differ from the approved Net Sales Proceeds provided on the final settlement statement, at the time the release was issued:

- **Settlement Breakdown:**

  | | |
  |---|---|
  | Settlement Date: | 04/30/2021 |
  | Sales Price: | $163,000.00 |
  | Borrower or Seller Credits: | $0.00 |
  | Borrower Contribution: | $0.00 |
  | Realtor Commissions: | $9,780.00 |
  | Taxes & Closing Costs: | $5,488.00 |
  | Third Party Fees: | $6,520.00 |
  | Subordinate Liens: | $0.00 |



| | |
|---|---|
| Relocation Assistance: | $0.00 |
| Net Proceeds to Community Loan Servicing: | $141,212.00 |

- Please note, the shortfall payoff amount agreed to by the parties to this agreement is in addition to any amount that the Servicer may be holding in suspense or in an account, including but not limited to, escrow funds in an escrow account, insurance proceeds, or any tax refunds and/or claims. The funds held in a suspense and/or escrow account, when applied with the shortfall payment amount, will constitute the entire payoff amount.



- Please be advised that prior to closing, clear title will need to be shown on the subject property. Community Loan Servicing or a representative of Community Loan Servicing will require, if not already provided prior to closing, proof of your authority to liquidate the subject property. In addition, Community Loan Servicing, or a representative of Community Loan Servicing may require and request that you provide written proof that all heirs, beneficiaries, designees, successors in interest, and all other persons with an interest in the property have agreed to the liquidation of the subject property.

- Please ensure that you have submitted all requested information to Community Loan Servicing, or any Community Loan Servicing representative that requests such information from you, prior to the closing date, or the closing may be delayed or even cancelled.

- Borrower and Lender agree that if there is a pending foreclosure action that results in a voluntary dismissal as a result of a modification or a similar settlement between Borrower and Lender then Borrower and Lender will each pay for their respective attorney fees and costs, to the extent permitted by the contract and applicable law, and neither party will be responsible for the other parties attorneys fees and costs.

- Upon receipt of the net sales proceeds, we will issue a discharge of mortgage and will not pursue deficiencies on approved short sale as long as all parties have acted in good faith before, during and after the short sale closes.

Name: _____ Date: _____

MATTHEW B RICHARDSON (SELLER)


Name: _____ Date: _____

CHRISTI M RICHARDSON (SELLER)

## CLOSING INSTRUCTIONS

Date: March 18, 2021
Loan Number: 2506983
Borrower: MATTHEW B RICHARDSON and CHRISTI M RICHARDSON



Net proceeds to the investor in the amount of **$141,212.00** , **must** be received on or **before 04/30/2021.  Final HUD must be submitted to me at least 24-hours prior to closing for approval.**

**Please note that the buyer's name on the HUD must match the Sales Contract as approved.**

**A copy of the Deed that will be recorded must be submitted with the final HUD for approval.  The Deed must contain the following provision:**

"Grantee herein is prohibited from conveying captioned property for any sales price for a period of 30 days from [enter actual closing date here]. After this 30 day period, Grantee is further prohibited from conveying the property for a sales price greater than  $195,600.00   until 90 days from [enter actual closing date here]. These restrictions shall run with the land and are not personal to the Grantee."

The provided language may be amended as necessary to comply with applicable law.

**Immediately after closing please e-mail the following documents to BACClosers@communityloanservicing.com. Funds will not be posted unless all pertinent documents received are accurate and complete.**

1.  Executed  Discount Payoff Letter (Pre-Foreclosure Sale Terms)
2.  Signed and Notarized Short Sale Affidavit of Arms Length Transaction
3.  Executed Final HUD, or stamped true and certified
4.  Copy of the Deed as it will be recorded. Deed must be recorded within 5 business days of closing and a copy forwarded.
5.  Wire confirmation or copy of certified check
6.  Promissory Note executed by seller (if applicable)
7.  Copy of the markup Title Commitment  confirming Closing attorney/Title company has obtained all requirements for title insurability.

The following Originals **must be sent overnight** to Community Loan Servicing immediately after closing:

1.  Original Executed Promissory Note (if applicable)
2.  Original executed by all parties as applicable and notarized Short Sale Affidavit of Arms Length transaction.
    Community Loan Servicing  4425 Ponce de Leon Blvd., 5th Floor Coral Gables, FL  33146

Please also follow the Instructions of the Pre-Foreclosure Sale Terms.

Should you have questions or require additional information please contact me at (833) 656-7451.

## PAYMENT REMITTANCE INFORMATION

**<u>Certified Funds Overnight Mail:</u>**
Community Loan Servicing, LLC
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, FL 33146

**<u>Wire Instructions:</u>**
JP Morgan Chase
One Chase Manhattan Plaza
New York, NY 10005
**ABA #:** 021-000-021
**Credit Account:** Community Loan Servicing, LLC
**Account No.:** 447450847



Please include the following information on all remittance:
    Borrower:  MATTHEW B RICHARDSON and CHRISTI M RICHARDSON
    Community Loan Servicing Loan Number:  2506983
    Property Address:  504 E 3RD ST, LYNN HAVEN, FL 32444


Regards,

Andre South, **Asset Manager**
Toll Free:  (833) 656-7451
Fax:       (305) 265-2486



Community Loan Servicing, LLC
4425 Ponce de Leon Blvd. 5th Floor
Coral Gables, FL  33146

## SHORT SALE AFFIDAVIT

| | |
|---|---|
| Servicer:<br>Community Loan Servicing, LLC | Servicer Loan Number:<br>2506983 |
| Address of Property:<br>504 E 3RD ST, LYNN HAVEN, FL  32444 | |
| Date of Purchase Contract:<br>01/13/2021 | Investor:<br>FNMA |
| Seller:<br>MATTHEW B RICHARDSON | Buyer: |
| Seller:<br>CHRISTI M RICHARDSON | Buyer: |
| Seller's Agent/Listing Agent: | Buyer's Agent: |
| Escrow Closing Agent: | Transaction Facilitator (if applicable): |

This Short Sale Affidavit ("Affidavit") is given by the Seller(s), Buyer(s), Agent(s), and Facilitator to the Servicer and the Investor of the mortgage loan secured by the Property ("Mortgage") in consideration for the mutual and respective benefits to be derived from the short sale of the Property.

Please note, the shortfall payoff amount agreed to by the parties to this agreement is in addition to any amount that the Servicer may be holding in suspense or in an account, including but not limited to, escrow funds in an escrow account, insurance proceeds, or any tax refunds and/or claims. The funds held in a suspense and/or escrow account, when applied with the shortfall payment amount, will constitute the entire payoff amount.

NOW, THEREFORE, the Seller(s), Buyer(s), Agent(s), and Facilitator do hereby represent, warrant and agree under the pains and penalties of perjury, to the best of each signatory's knowledge and belief, as follows:

(a)    The sale of the Property is an "arm's length" transaction, between Seller(s) and Buyer(s) who are unrelated and unaffiliated by family, marriage, or commercial enterprise;

(b)    The Seller(s)' listing agent has presented all offers for the purchase of the Property to the Seller(s) and no offers have been held, concealed or delayed due to action or inaction by a real estate agent;

(c)    The Seller(s) may not act as the listing agent or attempt to sell the Property without a licensed real estate professional.

(d)    There are no agreements, understandings or contracts between the Seller(s) and Buyer(s) that the Seller(s) will remain in the Property as tenants or later obtain title or ownership of the Property, except that the Sellers(s) are permitted to remain as tenants in the Property for a short term, as is common and customary in the market but no longer than ninety (90) days, in order to facilitate relocation;

(e)    Neither the Sellers(s) nor the Buyer(s) will receive any funds or commissions from the sale of the Property except that the Seller(s) may receive a payment if it is offered by the Servicer, approved by the Investor and, if the payment is made at closing of the short sale of the Property, reflected on the HUD-1 Settlement Statement;

(f)    There are no agreements, understandings or contracts relating to the current sale or subsequent sale of the Property that have not been disclosed to the Servicer;

(g)    All amounts to be paid to any person or entity, including holders of other liens on the Property, in connection with the short sale have been disclosed to and approved by the Servicer and will be reflected on the HUD-1 Settlement Statement;

(h)    Each signatory understands, agrees and intends that the Servicer and the Investor are relying upon the statements made in this Affidavit as consideration for the reduction of the payoff amount of the Mortgage and agreement to the sale of the Property;

(i)    A signatory who makes a negligent or intentional misrepresentation agrees to indemnify the Servicer and the Investor for any and all loss resulting from the misrepresentation including, but not limited to, repayment of the amount of the reduced payoff of the Mortgage;

(j)    This Affidavit and all representations, warranties and statements made herein will survive the closing of the short sale transaction; and

(k)    Each signatory understands that a misrepresentation may subject the person making the misrepresentation to civil and/or criminal liability.



(l)    If the closing agent is prohibited from signing this affidavit by applicable local, State, or federal law, We the Servicer may waive the closing agents signature requirement subject to the closing agent's agreement that it will not also act as the closing agent on a subsequent transaction involving the Mortgaged Premises within one year of closing the short sale transaction.  In all other circumstances, signatures from all parties identified above are required as a condition to the investor's agreement to accept a short sale of the mortgage.

SELLER(S):

By: _____  Date: _____
    MATTHEW B RICHARDSON (SELLER)

By: _____  Date: _____
    CHRISTI M RICHARDSON (SELLER)

BUYER(S):

By: _____  Date: _____
    Print Name: _____ (BUYER)

By: _____  Date: _____
    Print Name: _____ (BUYER)

AGENT(S):

By: _____  Date: _____
    Print Name: _____ (SELLER'S AGENT)

By: _____  Date: _____
    Print Name: _____ (BUYER'S AGENT)

By: _____  Date: _____
    Print Name: _____ (ESCROW/CLOSING AGENT)

By: _____ Date: _____
  Print Name: _____ (TRANSACTION FACILITATOR)

Each of the above parties must acknowledge his signature before a notary.

## SELLER NOTARY ACKNOWLEDGEMENT

STATE OF _____ )

                                   ) SS

COUNTY OF _____ )

On _____, before me, _____ a notary public for and within the said county, personally appeared, _____ _____, as the Seller(s), personally known to me *(or proved to me on the basis of satisfactory evidence)* to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) on the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

By: _____

Notary Public: _____

My Commission Expires: _____

## BUYER NOTARY ACKNOWLEDGEMENT

STATE OF _____ )

                                        ) SS

COUNTY OF _____ )

On _____, before me, _____ a notary public for and within the said county, personally appeared, _____ _____, as the Buyer(s), personally known to me *(or proved to me on the basis of satisfactory evidence)* to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) on the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

By: _____

Notary Public: _____

My Commission Expires: _____

## SELLER AGENT NOTARY ACKNOWLEDGEMENT

STATE OF         _____ )

                                       ) SS

COUNTY OF     _____ )

On _____, before me, _____ a notary public for and within the said county, personally appeared, _____, as the Seller(s)' agent, personally known to me *(or proved to me on the basis of satisfactory evidence)* to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) on the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

By: _____

Notary Public:  _____

My Commission Expires: _____

## BUYER'S AGENT NOTARY ACKNOWLEDGEMENT

STATE OF          _____ )

                                                 ) SS

COUNTY OF       _____ )

On _____, before me, _____ a notary public for and within the said county, personally appeared, _____ _____, as the buyer's agent, personally known to me *(or proved to me on the basis of satisfactory evidence)* to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) on the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

By: _____

Notary Public: _____

My Commission Expires: _____

## ESCROW/CLOSING AGENT NOTARY ACKNOWLEDGEMENT

STATE OF        _____ )

                                   ) SS

COUNTY OF     _____ )

On _____, before me, _____ a notary public for and within the said county, personally appeared, _____ _____, as the Escrow/Closing agent, personally known to me *(or proved to me on the basis of satisfactory evidence)* to be the person(s) whose name (s) is/are subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/ her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) on the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

By: _____

Notary Public:    _____

My Commission Expires: _____

**TRANSACTION FACILITATOR NOTARY ACKNOWLEDGEMENT**

STATE OF _____ )

                                   ) SS

COUNTY OF _____ )


On _____, before me, _____ a notary public for and within the said county, personally appeared, _____ _____, as the Transaction Facilitator, personally known to me *(or proved to me on the basis of satisfactory evidence)* to be the person(s) whose name (s) is/are subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) on the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.


By: _____

Notary Public: _____

My Commission Expires: _____

Ocean Title LLC
1095 Broken Sound Pkwy NW
Ste 100
Boca Raton, FL 33487
(866) 202-8200

ALTA Combined Settlement Statement

| File #: | OT-307 | Property | 504 East 3rd Street | Settlement Date | 05/07/2021 |
|---|---|---|---|---|---|
| Prepared: | 03/16/2021 | | Lynn Haven, FL 32444 | Disbursement Date | 05/07/2021 |
| Escrow Officer: | Joshua M. Liszt Esq. | Buyer | Boggs Enterprises LLC | | |
| | | | 23025 Hayman Road | | |
| | | | Brooksville, FL 34602 | | |
| | | Seller | Karin A. Gavin, as Trustee of | | |
| | | | the Bankruptcy Estate of | | |
| | | | Christi Richardson | | |
| | | | 1801 West Garden Street | | |
| | | | Pensacola, FL 32502 | | |
| | | Lender | | | |

| Seller | | | | Buyer | |
|---|---|---|---|---|---|
| Debit | Credit | | Debit | Credit | |
| | | **Primary Charges & Credits** | | | |
| | $163,000.00 | Sales Price of Property | $163,000.00 | | |
| | | Deposit | | $1,630.00 | |
| | | | | | |
| | | **Prorations/Adjustments** | | | |
| $503.06 | | County Taxes 01/01/2021 to 05/07/2021 | | $503.06 | |
| | | | | | |
| | | **Payoffs/Payments** | | | |
| $136,984.94 | | Payoff to Bayview Loan Servicing | | | |
| | | | | | |
| | | **Government Recording and Transfer Charges** | | | |
| $27.00 | | Recording Fees | | | |
| | | ---Deed: $27.00 | | | |
| | | ---Mortgage: $0.00 | | | |
| $1,141.00 | | Documentary Stamp Tax (State Deed Taxes) to Recording Department | | | |
| $9.00 | | E-Recording Fee to Simplifile | | | |
| $100.00 | | MTS Recording Fee to Recording Department | | | |
| | | QCD Recording Fee to Recording Department | $18.50 | | |
| | | | | | |
| | | **Commissions** | | | |
| $6,520.00 | | Listing Agent Commission to Century 21 Commander Realty | | | |
| $3,260.00 | | Selling Agent Commission to Beachy Beach Real Estate | | | |
| | | | | | |
| | | **Title Charges** | | | |
| $150.00 | | Title- Abstract/Commitment Fee to Fidelity National Title Insurance Company | | | |
| | | Title- Courier/Mailing Fee (2) to FedEx / Ocean Title LLC (reimb.) | $23.00 | | |
| | | Title- Mobile Notary Fee to Sign X / Ocean Title LLC (reimb.) | $160.00 | | |
| $1,295.00 | | Title- Settlement/Closing Fee to Ocean Title LLC | $1,295.00 | | |
| | | Title- Wire Fee (3 IN / 2 OUT) to TD Bank / Ocean Title LLC (reimb.) | $45.00 | | |
| $890.00 | | Title - Owner's Title Policy to Fidelity National Title Insurance Company | | | |
| | | | | | |
| | | **Miscellaneous Charges** | | | |
| $6,520.00 | | Bankruptcy Estate Fee to Karin A. Gavin, as Trustee of the Bankruptcy Estate of Christi Richardson | | | |
| | | Broker Processing Fee (If App/Estimate) to Selling Agent | $295.00 | | |
| | | Buyer's Premium to Karin A. Gavin, as Trustee of the Bankruptcy Estate of Christi Richardson | $10,000.00 | | |

| Seller | | | Buyer | |
| Debit | Credit | | Debit | Credit |
| $5,200.00 | | City Code Enforcement Lien Payoff to City of Lynn Haven | | |
| $400.00 | | Municipal Lien Search Fee to Vendor / Ocean Title LLC (reimb.) | | |
| | | Survey Fee, Plot Plan (IF APP) to Vendor / Ocean Title LLC (reimb.) | $335.00 | |

| Seller | | | Buyer | |
| Debit | Credit | | Debit | Credit |
| $163,000.00 | $163,000.00 | Subtotals | $175,171.50 | $2,133.06 |
| | | Due from Buyer | | $173,038.44 |
| | $0.00 | Due from Seller | | |
| $163,000.00 | $163,000.00 | Totals | $175,171.50 | $175,171.50 |

**See signature addendum**

Produced by Ocean Title LLC
Using Qualia

OT-307
Printed on 03/16/2021

# Signature Addendum

---

**Acknowledgement**

We/I have carefully reviewed the Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the Settlement Statement.

We/I authorize Ocean Title LLC to cause the funds to be disbursed in accordance with this statement.

Boggs Enterprises LLC, a Florida Limited Liability Company

|  |  |
|---|---|
| _____ | _____ Date |
|  | Karin A. Gavin, as Trustee of the Bankruptcy Estate of Christi Richardson |
| By: |  |
| _____ Date | |
| Michelle D. Boggs, Manager | |

_____ Date
Settlement Agent