# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE:

                                                        **CASE NO.: 20-50027-KKS**

**RICHARDSON, CHRISTI MARGARET**     **CHAPTER 7**

    **Debtor(s)**
    _____/

## ORDER GRANTING TRUSTEE'S MOTION TO (1) APPROVE SHORT SELL OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. §363(b), (f) and (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III) OTHER RELIEF (DOC #36)

This matter is before the Court on the Trustee's Motion to (I)Approve a Short Sale of Real Property Free and Clear of All Liens, Claims, Encumbrances, and Interests, Pursuant to 11 U.S.C. § 363 (b), (f) and (m), (II) Surcharge Agreement Between Secured Lender and the Estate, (III), and Other Relief (Doc# 36) filed by Karin A. Garvin ("Trustee"), as Trustee of the bankruptcy estate of Christi Margaret Richardson ("Debtor"). On the

date of filing, the Debtor owned real property located at 504 E 3ed St., Lynn Haven, FL 32444("the Real Property"), and further described as:

> Lot 5, Block D, Re-Plat of Blocks D, G, H, and K Bay Park Manor Lynn haven Florida, according to the map or plat thereof, as recorded in Plat Book 7, Pages(s) 80, of the Public Records of Bay County, Florida

The Debtor scheduled the Property as having a value of "Unknown" subject to a mortgage in favor of Bayview Loan Servicing in the amount of approximately $139,146.00. The Trustee's sale of the Real Property "as is" and "where is" and the Trustee shall have no obligation to make any repairs or improvements to the Real property as a condition of the sale.  The Trustee seeks authorization to sell and the Secured Creditor consents to the Real Property's sale and the creation of a carve-out fund of $6,250.00 to the estate and a $10,000.00 Buyers Premium to the estate, and to have deducted from the proceeds of the sale sums to satisfy all normal real estate closing costs and fees, including but not limited to, document stamps, property taxes, realtor fee, etc., and any liens, if any binding against the Real Property. 11 US.C. §363 (f) authorizes the Trustee to sell such property if the "price at

which such property to be sold is greater than the aggregate value of all liens on such property." In accordance with Rule 2002, Bankruptcy Rules of Procedure, a Notice of Intent to Sell Real Property of the Estate has been filed and said notice served of the sale of 504 E. 3rd St., Lynn Haven, Florida 32444, on all creditors and parties in interest. Rule 6004 (g) of the Federal Rules of Bankruptcy Procedure provides that an Order authorizing the sale of the Bankruptcy estate property is stayed for ten (10) days after its entry date unless the Court orders otherwise. After a hearing on May 13, 2021, and for good cause shown, it is:

ORDERED that:

1. The Trustee's Motion to Sell Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. §363(b)(f) and (h), if applicable, is GRANTED, and the Trustee is authorized to execute a deed in the Real

Property described above to the buyer, conveying the right, title and interest of the debtor's estate free and clear of all liens and encumbrances whose holders were duly noticed with this matter;

    2. The Trustee is authorized to pay all real estate taxes, closing costs, expenses and administrative costs related to the sale as set forth in the Real Estate Contract for Sale;

    3. The Sale is effective immediately and that the stay period of Federal Rule 6004(g) does not apply.

**DONE and ORDERED** on May 19, 2021                                    .

                                          KAREN K SPECIE
                                          U.S. BANKRUPTCY JUDGE

Order Prepared by:
Karin A. Garvin, Trustee
The Trustee, Karin A Garvin, is directed to serve a copy of this order on interested parties and file a certificate of service with the Court within three (3) days of entry of the order.